IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF )
THE EXTRADITION OF ) Civil Action No. 12-1832
DYLAN RYAN JOHNSON )
)

MEMORANDUM

Gary L. Lancaster,                  March 11, 2013
Chief Judge.

This is a petition for writ of habeas corpus. Petitioner, Dylan Ryan Johnson ("Johnson"), a citizen of the United States, was extradited to Mexico on or about December 14, 2012 to stand trial for aggravated homicide and rape. Johnson seeks a writ of habeas corpus from this court blocking his extradition and returning him to the Western District of Pennsylvania [doc. no. 1]. For the reasons set forth below, Johnson's petition is dismissed as moot.

I. BACKGROUND

A. Evidence Presented

Because we write solely for the parties, who are familiar with the facts and evidence presented in this case, we need not reiterate them here. Other readers are referred to the magistrate judge's Opinion and Order granting extradition [doc. no. 43].[1]

---

[1] Unless otherwise indicated, all citations in this memorandum refer to documents filed at Magistrate No. 12-65M.

B. Procedural History

On July 8, 2011, Arturo Sarukhan, the Mexican Ambassador to the United States, forwarded a Formal Request for International Extradition Purposes ("Formal Request") to the United States Secretary of State. The Formal Request served to notify Secretary Hilary Rodham Clinton that the U.S. Marshal's Service had located Johnson, a fugitive wanted in Mexico for the crimes of aggravated homicide and rape, in the Commonwealth of Pennsylvania. The Formal Request was based upon an arrest warrant issued on December 8, 2003 by the Judge of First Instance for Civil and Criminal Matters of the Judicial District of Comonfort, Guanajuato, Mexico, as part of criminal case number 89/2003. On February 2, 2012, pursuant to the Formal Request, the United States filed a Complaint for Extradition [doc. no. 1] and Motion to Detain Fugitive [doc. no. 9]. Johnson was subsequently arrested at his home in Greene County, Pennsylvania.

On October 17, 2012, Magistrate Judge Maureen P. Kelly issued an opinion and order finding that "sufficient evidence has been presented to sustain the charges under the provisions of the [extradition treaty]" [doc. no. 43]. On or about December 14, 2012, Johnson was surrendered to the Mexican

authorities.[2] On December 17, 2012, counsel for Johnson filed a habeas corpus petition [doc. no. 44] seeking to reverse the extradition and return Johnson to the Western District of Pennsylvania. According to Johnson, he should not have been extradited because there was insufficient evidence to support the magistrate judge's probable cause determination that he perpetrated the rape or murder.

II. STANDARD OF REVIEW

Extradition is an executive, rather than a judicial, function. Hoxha v. Levi, 465 F.3d 554, 560 (3d Cir. 2006) (citing Sidali, 107 F.3d 191, 194 (3d Cir. 1997)). For this reason, a court may conduct only a limited inquiry following a complaint seeking extradition. Id. In an extradition hearing, the court decides whether probable cause supports the charges against the defendant such that the defendant is subject to surrender to the requesting government. Id. See also 18 U.S.C. § 3184. When determining whether probable cause exists in the context of an extradition proceeding, federal courts apply the identical standard used in a preliminary hearing. Sidali, 107 F.3d at 199 (citations omitted).

---

[2] Pursuant to 18 U.S.C. § 3188, the United States must surrender an individual to a foreign government within two calendar months from the date of commitment for rendition to a foreign government.

3

Under that standard, the government must present "evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." Id. In making this determination, the sufficiency of the evidence for purposes of conviction is not to be examined. Id. Rather, the government has met its burden at the extradition hearing if the evidence is sufficient to warrant a finding that there are reasonable grounds to believe that the fugitive is guilty and, thus, should be held for trial. Id. (citation omitted).

An individual challenging a court's extradition order may not appeal directly because the order does not constitute a final decision under 28 U.S.C. § 1291. Hoxha, 465 F.3d at 560 (citing Sidali, 107 F.3d at 195). However, he may challenge the extradition order by filing a petition for a writ of habeas corpus. Id. On habeas, a reviewing court may consider only "'whether the magistrate [judge] had jurisdiction, whether the offense charged is within the treaty and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty.'" Id. (quoting Fernandez v. Phillips, 268 U.S. 311, 312 (1925)).

Under 28 U.S.C.A. § 2241, district courts have the power to grant writs of habeas corpus only "within their

4

respective jurisdictions." A district court's habeas corpus jurisdiction is territorially limited and extends only to persons detained and custodial officials acting within the boundaries of that district. Parris v. Chavez, 199 F. App'x 198, 199 (3d Cir. 2006) (citing Yi v. Maugans, 24 F.3d 500, 503 (3d Cir. 1994) (citing 28 U.S.C.A. § 2241(a))). See also, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495, (1973) (holding that habeas jurisdiction is proper where the court issuing the writ has jurisdiction over the custodian, even if prisoner is confined outside of the court's territorial jurisdiction).

III. DISCUSSION

This court is obligated to address issues of jurisdiction, including mootness, prior to addressing the merits of Johnson's appeal of the extradition order. See Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd., 336 F.3d 211, 216 (3d Cir. 2003) (citation omitted). A case becomes moot "when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Congregation Kol Ami v. Abington Township, 309 F.3d 120, 131 (3d Cir. 2002). Mootness can arise at any stage of litigation and federal courts may not "give opinions upon moot questions or abstract propositions." Calderon v. Moore, 518 U.S. 149, 150 (1996)

5

(citations omitted). An appeal should, therefore, be dismissed as moot when, by virtue of an intervening event, the court cannot provide any effectual relief whatsoever. Id.

Here, Johnson challenges the magistrate judge's extradition order on the basis that there was insufficient evidence to support a probable cause determination that Johnson perpetrated the rape or murder. In response, the government argues that Johnson's failure to challenge the extradition proceedings prior to his extradition to Mexico renders his habeas petition moot because this court has no jurisdiction to order the Mexican authorities to take any action regarding Johnson. The court agrees.

The government has provided no controlling case law in support of its position that Johnson's extradition renders this issue moot, nor has the court found any. However, other courts have held that, where a prisoner and his custodian are outside of the court's territorial jurisdiction, the court has no power to grant habeas corpus relief. See, e.g., Edwards v. Bowles, 109 F. App'x 704 (5th Cir. 2004); Lindstrom v. Graber, 203 F.3d 470, 474 (7th Cir. 2000); Subias v. Meese, 835 F.2d 1288, 1289 (9th Cir. 1987); United States v. Monteer, 556 F.2d 880, 881 (8th Cir. 1977). In this case, there is no question that Johnson had been surrendered to the Mexican authorities before he filed his habeas petition. Johnson is currently located in

6

Mexico and is being detained by Mexican authorities. As such, the court does not have jurisdiction over either Johnson or his custodian. Accordingly, there is no relief this court can grant and Johnson's habeas petition must be dismissed as moot.[3]

Even if we did have jurisdiction over Johnson's petition, we would find that there was competent evidence to support the magistrate judge's finding of probable cause for the rape and murder charges. Johnson contends that the magistrate judge's probable cause finding was wrong because the facts militate against a finding that a rape occurred and because, inter alia, eyewitnesses failed to provide a model or license plate number for the "dark green Chevrolet truck" seen on the night of the crimes or mention the size of Johnson's nose. Neither argument establishes that the magistrate judge erred in concluding that there was probable cause to hold Johnson for trial on the rape and murder charges. As to Johnson's first argument, the government presented ample evidence of forcible sexual intercourse, including physical injuries to the victim and blood at the crime scene. As to Johnson's second argument, the government presented ample evidence that Johnson employed the victim, spent extensive time with him, and accompanied him to a party in the hours leading up to the crimes. In addition,

---

[3] Pursuant to 18 U.S.C. § 4100, et seq., if Johnson is convicted and sentenced to serve a prison term in Mexico, he may apply for a transfer to a prison in the United States.

7

the witness testimony connected Johnson and his truck to the Hotel Villa Empalme, where the crimes occurred, on the night of the incident.[4] Johnson's contention that probable cause does not exist because of the evidence that was _not_ presented at the extradition hearing, i.e., the model and license plate number of the truck and the size of his nose, is specious.

Were we to reach the substantive issues raised by Johnson's petition, we would conclude that there was sufficient evidence warranting the magistrate judge's finding that reasonable grounds exist to believe Johnson was guilty. However, because neither Johnson nor his custodian is under this court's jurisdiction, we dismiss Johnson's petition for habeas relief.

IV.  CONCLUSION

For the foregoing reasons, Johnson's petition for writ of habeas corpus [No. 12-1832, doc. no. 1] is dismissed as moot. An appropriate order follows.

---

[4] The magistrate judge did not consider the 2009 photo array, which Johnson claims was unfair and prejudicial, and neither does this court.

8

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF )
THE EXTRADITION OF ) Civil Action No. 12-1832
DYLAN RYAN JOHNSON )
)

## ORDER

AND NOW, this \_\_\_ day of March, 2013, IT IS HEREBY ORDERED THAT petitioner's Petition for Writ of Habeas Corpus Regarding Extradition [doc. no. 1] is DISMISSED as moot.

BY THE COURT:

_____, C. J.

cc: All Counsel of Record